Submitted November 2, affirmed December 20, 1976, reconsideration
denied January 19, petition for review denied March 29, 1977

COMPTON, *Appellant,*

*v.*

MYERS et al, *Respondents.*

(No. 402 202, CA 5425)

558 P2d 355

*Richard N. Compton,* Portland, filed the briefs for appellant.

*Edward H. Warren, Donald E. Hershiser, Bruce L. Mowery,* and Hershiser, Mitchell & Warren, Portland, filed the brief for respondents.

Before Schwab, Chief Judge, and Lee and Richardson, Judges.

PER CURIAM.

## PER CURIAM.

In this malicious prosecution case, plaintiff appeals from the granting of defendant's motion for a directed verdict.

We agree with the opinion of the trial court and adopt as our own the dispositive portion:

"* * * * *

"In this case the plaintiff, Mr. Richard Compton, has sued the Secretary of State, Mr. Clay Myers; Mr. Lee Johnson, the Attorney General; and Mr. Jack Thompson, the former Assistant Secretary of State; in a civil action alleging that they maliciously prosecuted him for an alleged violation of Oregon election law reporting requirements in 1972 [ORS 260.072]. The prosecution arose out of the 1972 General Election. Defendant was tried in the District Court of Marion County and found not guilty. He seeks recovery in this action of $1,000,000 general damages, $50 special damages, and $1,000,000 punitive damages. * * *

"* * * * *

"In order to recover, plaintiff must prove by a preponderance of the evidence each of the following material elements of his cause of action for malicious prosecution: that defendants commenced or maintained the prosecution, that it terminated favorably to the plaintiff, that defendants had no probable cause to initiate or prosecute the action against him, that defendants had a malicious purpose in initiating or prosecuting the action, and that the plaintiff was damaged by their actions.

"* * * * *

"Under the Oregon election laws applicable in the 1972 General Election, the plaintiff was obligated to file the financial statement in question not more than 10 days nor less than 7 days prior to the General Election. Filing, by law, meant and means the actual physical receipt of the report in the Secretary of State's office prior to 5:00 p.m. on October 31, 1972, irrespective of whether the report was mailed or filed.[1]

---

[1] ORS 246.021 provides:

"(1) All declarations of candidacy for nomination for a public

"* * * * *

"The evidence from the Secretary of State's office is that [the report] was not received until November 2, 1972. The report itself shows on its face that Mr. Compton signed it on November 1, 1972. Mrs. Compton testified that Mr. Compton signed it on October 29, 1972 and that she believes she mailed it several days before the October 31st deadline—specifically, on Sunday night. She explains that she typed in the date 'November 1' because she interpreted the law to require the insertion of that date. But, as noted above, actual physical receipt is what is required by statute. There is no evidence at all that the report was received by 5:00 p.m., October 31, 1972. Mailing the report prior to the deadline is not the equivalent of filing it. Therefore, as a matter of law, there was probable cause to believe that a violation of the law had occurred.

"* * * * *."

Affirmed.

---

office, completed nominating petitions, statements and portrait cuts for official Voters' Pamphlets, reports of election campaign contributions and expenditures, initiative and referendum petitions and other papers and documents of like nature, required by law to be filed with the Secretary of State, county clerk, county registrar of elections, city clerk, recorder, auditor or other elections officer, not later than a specified number of days prior or subsequent to an election, must be delivered to and actually received at the office of the designated official not later than 5 p.m. of the last day permitted by law for such filing.

"(2) The exception to the provisions contained in subsection (1) of this section is, when at 5 p.m. an individual is physically present in the office of the designated officer and in line awaiting his turn to deliver a document, he shall be considered as having begun the act of delivering the document and shall be permitted to file same."